O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#10/13/15 / 9

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2819 PSG (VBKx) | Date | August 1, 2011 |
|---|---|---|---|
| Title | Mirian Canales v. Federal Home Loan Mortgage Corp., *et al.* | | |

Present:  The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):           Attorneys Present for Defendant(s):

Not Present                                                    Not Present

**Proceedings:**   **(In Chambers) Order DENYING Plaintiff's motion to remand the case to state court; GRANTING Defendant MTC Financial Inc., d/b/a Trustee Corps' motion to dismiss; and GRANTING Defendants Freddie Mac and MERS' motion to dismiss**

Before the Court are Plaintiff's motion to remand the case to state court, and Defendants MTC Financial Inc., d/b/a Trustee Corps, Freddie Mac, and MERS's motions to dismiss Plaintiff's Complaint. The Court finds the matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the papers submitted in support of and in opposition to the motions, the Court DENIES Plaintiff's motion to remand; GRANTS Trustee Corps' motion to dismiss; and GRANTS Defendants Freddie Mac and MERS's motion to dismiss.

I.     Background

*Pro se* plaintiff Mirian Canales ("Canales" or "Plaintiff") brings this action seeking to set aside a Notice of Default, Notice of Trustee's Sale, and Trustee's Deed of Sale based on alleged violations of California law. In general, Plaintiff's claims are based on allegations that Defendants acted without authorization in conducting foreclosure proceedings. The relevant facts are as follows. On December 1, 2006, Plaintiff obtained a $302,400.00 loan that was secured by real property in Los Angeles. *Request for Judicial Notice ("RJN")*, Ex. 1. In connection with this loan, Plaintiff executed a Deed of Trust that identified IndyMac Bank, F.S.B. ("IndyMac") as the "Lender," Defendant Mortgage Electronic Registration Systems, Inc.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#10/13/15

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2819 PSG (VBKx) | Date | August 1, 2011 |
|---|---|---|---|
| Title | Mirian Canales v. Federal Home Loan Mortgage Corp., *et al.* | | |

("MERS") as the "Beneficiary," acting "solely as nominee for Lender," and Stewart Title Guaranty Co. ("Stewart Title") as the Trustee. *Id.*

Plaintiff subsequently defaulted on her loan and, on October 16, 2007, Defendant MTC Financial Inc, dba Trustee Corps ("Trustee Corps"), as agent for IndyMac, recorded a Notice of Default and Election to Sell under Deed of Trust. *RJN*, Ex. 2. On November 9, 2007, MERS executed an Assignment of Deed of Trust transferring the beneficial interest in the Deed of Trust to IndyMac. *RJN,* Ex. 3. On November 16, 2007, IndyMac executed a Substitution of Trustee replacing Stewart Title with Trustee Corps as the Trustee. *RJN*, Ex. 4. On November 19, 2007, IndyMac assigned the Deed of Trust to Defendant Home Loan Mortgage Corporation ("Freddie Mac"). *RJN*, Ex. 5. On January 17, 2008, Trustee Corps recorded a Notice of Trustee's Sale, and subsequently recorded a Trustee's Deed upon Sale showing the Property was sold to Freddie Mac at a public auction held on April 7, 2008. *RJN*, Ex. 6.

On February 18, 2011, Plaintiff filed a ten-count complaint against Freddie Mac, IndyMac, MERS, and Trustee Corps (collectively, "Defendants") in Los Angeles County Superior Court, asserting causes of action for: (1) to Vacate & Set Aside Trustee's Sale; (2) Intentional Breach of Implied Covenant of Good Faith and Fair Dealings; (3) Intentional Violations of California Statutes[1]; (4) Demand for Accounting; (5) Aiding and Abetting; (6) Conspiracy; (7) Intentional Misrepresentation/Deceit (Fraud); (8) Declaratory Relief; (9) Quiet Title; and (10) Injunctive Relief. *See* Dkt. # 1, Ex. A (Apr. 4, 2011).

At present, there are three motions pending before the Court in this action: (1) Plaintiff's motion to remand this action to state court, *see* Dkt. # 15 (May 2, 2011); (2) Defendant MTD Financial Inc., d/b/a Trustee Corps' ("Trustee Corps") motion to dismiss the Complaint for failure to state a claim*, see* Dkt. # 13 (Apr. 26, 2011); and (3) Defendants MERS and Freddie Mac's motion to dismiss the Complaint for failure to state a claim, *see* Dkt. # 9 (Apr. 11, 2011).

II.     Legal Standard

---

[1] Specifically, these statutes include Cal. Civ. Code §§ 1632, 1788.17, 1916.7, 1920, 1921, 2923.5(a), 2923.52, 2924 *et seq.*), UCC §§ 3301- 3309, inclusive; and Cal. Corp. Code §§ 191, 10130, 17200, 17500. Although the Complaint's cover page references Title 15, U.S.C. 1692(e)(f), Title 12, U.S.C. 2605(e), these claims are not mentioned elsewhere in the pleading.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#10/13/15

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2819 PSG (VBKx) | Date | August 1, 2011 |
|---|---|---|---|
| Title | Mirian Canales v. Federal Home Loan Mortgage Corp., *et al.* | | |

      Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts should be mindful that the Federal Rules of Civil Procedure generally require only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required to survive a Rule 12(b)(6) motion to dismiss, a complaint that "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, -U.S.-, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007)). Rather, the complaint must allege sufficient facts to support a plausible claim to relief. *See id.*

      In evaluating a Rule 12(b)(6) motion, the court must engage in a two-step analysis. *See id.* at 1950. First, the court must accept as true all non-conclusory, factual allegations made in the complaint. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 1161, 122 L. Ed. 2d 517 (1993). Based upon these allegations, the court must draw all reasonable inferences in favor of the plaintiff. *See Mohamed v. Jeppesen Dataplan, Inc.*, 579 F.3d 943, 949 (9th Cir. 2009). Second, after accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the court must determine whether the compliant alleges a plausible claim for relief. *See Iqbal*, 129 S. Ct. at 1950. Despite the liberal pleadings standards of Rule 8, conclusory allegations will not save a complaint from dismissal. *See id.*

      Finally, the Court notes that in ruling on a motion to dismiss, it may consider documents outside the pleadings without the proceeding turning into summary judgment. *See Lee v. City of Los Angeles,* 250 F.3d 668, 688-89 (9th Cir. 2001). In particular, the Court may consider: (a) documents that are "properly submitted as part of the complaint,"; (b) documents on which plaintiff's complaint necessarily relies and whose authenticity is not contested; and (c) "matters of public record" of which the court may take judicial notice under Rule 201 of the Federal Rules of Evidence. *See id.* (internal quotations omitted).

III.    Discussion

    A.    Whether The Court Has Subject Matter Jurisdiction Over This Action

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#10/13/15

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2819 PSG (VBKx) | Date | August 1, 2011 |
|---|---|---|---|
| Title | Mirian Canales v. Federal Home Loan Mortgage Corp., *et al.* | | |

The Court will first address the threshold jurisdictional question presented by Plaintiff's motion to remand. According to Plaintiff, the Court lacks jurisdiction because there is no overriding federal interest at stake in this action, which involves questions of state law. This position, however, appears to misunderstand the jurisdictional basis for removal. Defendant Freddie Mac is a corporate entity organized and existing pursuant to the Federal Home Loan Mortgage Corporation Act, 12 U.S.C. § 1451, *et seq.* The statute addressing Freddie Mac's charter states that "all civil actions to which the [Freddie Mac] Corporation is a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such actions, without regard to amount or value ..." 12 U.S.C. § 1452(f). Here, Freddie Mac removed this action pursuant to 12 U.S.C. § 1452, which provides that:

> any civil or other action, case or controversy in a court of a State ... to which the Corporation is a party may at any time before the trial thereof be removed by the Corporation, without the giving of any bond or security, to the district court of the United States for the district and division embracing the place where the same is pending ... by following any procedure for removal of causes in effect at the time of such removal.

12 U.S.C. § 1452(f)(3). Freddie Mac's presence in this action thus confers upon the Court subject matter jurisdiction to hear this case. Accordingly, Plaintiff's motion to vacate removal and remand to state court is DENIED.

B.  <u>Whether the Complaint States Claims Upon Which Relief Can Be Granted</u>

Having determined that federal jurisdiction exists, the Court next turns to the motions to dismiss brought by Defendants Freddie Mac and MERS, and Defendant Trustee Corps. Defendants each assert that all ten counts of Plaintiff's Complaint fail to state a claim upon which relief can be granted. Specifically, these causes of action include: (1) Vacate & Set Aside Trustee's Sale; (2) Intentional Breach of Implied Covenant of Good Faith and Fair Dealings; (3) Intentional Violations of Statutes (Cal. Civ. Code §§ 1632, 1788.17, 1916.7, 1920, 1921, 2923.5(a), 2923.52, 2924 et seq.), UCC §§ 3301-3309, inclusive; Cal. Corp. Code § 191, Cal. Bus. & Prof. Codes §§ 10130, 17200, 17500, and Title 15, U.S.C. § 1692(e)(f), Title 12, U.S.C. § 2605(e); (4) Demand for Accounting; (5) Aiding and Abetting; (6) Conspiracy; (7) Intentional

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#10/13/15

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2819 PSG (VBKx) | Date | August 1, 2011 |
|---|---|---|---|
| Title | Mirian Canales v. Federal Home Loan Mortgage Corp., *et al.* | | |

Misrepresentation/Deceit (Fraud); (8) Declaratory Relief; (9) Quiet Title; and (10) Injunctive Relief ("Complaint").

In proceeding, the Court will address the sufficiency of the pleading with respect to both sets of moving Defendants.

### 1. *Claims Against Defendant MTC Financial, Inc., d/b/a Trustee Corps*

Turning first to the motion brought by Trustee Corps, the Court finds that Plaintiff's claims against this defendant are not cognizable. Plaintiff alleges that Trustee Corps "at the unlawful, illegal request and direction of Defendant MERS prepared, served, and recorded a Notice of Default on subject loan[.]" *Compl.* ¶¶ 11, 49 (alleging that Trustee Corps executed the Deed of Trust, Substitution of Trustee, Notice of Trustee's Sale, and Trustee's Deed Upon Sale in violation of California law). Trustee Corps is not a lender, was never a beneficiary, and made no representations to Plaintiff about her loan. Its role, rather, is merely that of a substitute trustee under Plaintiff's Deed of Trust. *See Trustee Corps Request for Judicial Notice ("TC RJN")*, Exs. A (Deed of Trust), C (Substitution of Trustee) [Dkt. # 13-3 (Apr. 26, 2011)]. California law clearly provides that a trustee's actions in executing a non-judicial foreclosure are privileged communications under Cal. Civ. Code § 47 and will not support a tort claim other than one for malicious prosecution, which is not alleged here. Cal. Civ. Code §§ 47, 2924(d); *Champlaie v. BAC Home Loans Servicing,* LP, 706 F. Supp. 2d 1029 (E.D. Cal. 2009) (citing *Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 333, 85 Cal. Rptr. 3d 532 (2008)).

Accordingly, because any actions allegedly taken by Trustee Corps in performing its foreclosure duties were privileged, Plaintiff cannot maintain her claims against Trustee Corps as a matter of law. Trustee Corps' motion to dismiss the Complaint is therefore GRANTED and it is DISMISSED from this action with prejudice.

### 2. *Claims Against Defendants Freddie Mac & MERS*

The Court further finds the Complaint deficient as against Defendants Freddie Mac and MERS, although for different reasons. "Although a *pro se* litigant ... may be entitled to great leeway when the court construes his [or her] pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#10/13/15

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2819 PSG (VBKx) | Date | August 1, 2011 |
|---|---|---|---|
| Title | Mirian Canales v. Federal Home Loan Mortgage Corp., *et al.* | | |

wrong." *Brazil v. United States Dept. of Navy,* 66 F.3d 193, 199 (9th Cir.1995). In moving to dismiss, Defendants Freddie Mac and MERS argue that Plaintiff fails to plead any plausible claim upon which relief could be granted. The Court agrees that, for reasons set forth below, all ten of Plaintiff's ten causes of action fail to state a claim.

        a.    <u>Claim to Set Aside Trustee's Sale (First Cause of Action) and Claims for Intentional Violation of State Law (Third Cause of Action)</u>

Plaintiff's first cause of action seeks an "Order to Vacate and Set Aside Trustee's Sale of 4-7-08 and Reconvey Title to Subject Property to Plaintiff." *Compl.* ¶ 15. As grounds for such, she alleges that Defendants:

> willfully and intentionally planned, schemed, agreed, and conspired to initiate and prosecute unlawful, illegal foreclosure proceedings in clear and obvious violation of 'numerous' California statutory mandated provisions, including, but not limited to, [Cal. Civ. Code §§] 2923.5(a), 2923.52, 2924, *et seq*.; 1788.17; UCC 3301-3309, inclusive and [Cal. Corp. Code §] 191, [and Cal. Bus. & Prof. Code §§] 10130, 17200 and 17500.

*Compl.* ¶16. Plaintiff's third cause of action for "intentional violations of state law" is predicated on the alleged violations of these statutes, along with Cal. Civ. Code §§ 1632, 1916.7, 1920, and 1921. *Id.* ¶¶ 27-31. Thus, in proceeding, the Court will address Plaintiff's first and third causes of action together.

Plaintiff presents only three factual allegations in support of these causes of action. First, she alleges that MERS's certificate to do business in California had terminated in 2006 and has not been reinstated. *Id.* ¶ 16. Second, she asserts that Defendants entered into an illegal pooling agreement in violation of Cal. Civ. Code §§ 1632, 1916.7, 1920, and 1921. *Id.* ¶ 28. Third, she claims Defendants violated Cal. Civ. Code § 1632 by presenting the loan documents in English. However, as explained below, none of these allegations suffice to state a claim upon which relief can be granted.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#10/13/15

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2819 PSG (VBKx) | Date | August 1, 2011 |
|---|---|---|---|
| Title | Mirian Canales v. Federal Home Loan Mortgage Corp., *et al.* | | |

Plaintiff's contention regarding MERS is error because, as other courts have recognized, MERS is currently an active corporation in California. *See Saldate v. Wilshire Credit Corp.*, 711 F. Supp. 2d 1126, 1136-37 (E.D. Cal. Feb. 12, 2010) (rejecting plaintiff's claim that MERS is not registered to do business in California); *see also United Medical Management Ltd. v. Gatto*, 49 Cal. App. 4th 1732, 1741, 57 Cal. Rptr. 2d 600 (1996) (upon registering, a corporation is to "be restored to full legal competency and have its prior transactions given full effect").

Plaintiff's second assertion that MERS violated various California statutes by entering into an "illegal pooling agreement" is also incorrect as a matter of law. To start, the statutes cited by Plaintiff, Cal. Civ. Code §§ 1916.7, 1920, and 1921, *see Compl.* ¶ 28, are inapposite. These statutes, which concern adjustable rate mortgages, neither mention nor restrict loan pooling. Second, Plaintiff's claim relating to an "illegal pooling agreement" is not supported by any factually specific allegations and therefore fails to meet the pleading standard set forth in Rule 8. *See Twombly*, 127 S. Ct. at 1959 (stating that a complaint must allege more than merely "labels and conclusions, and a formulaic recitation of the elements of a cause of the case of action"). Moreover, federal district courts in California have repeatedly rejected Plaintiff's argument that a party loses his or her interest in a loan when it is assigned to a trust pool and securitized. *See, e.g.*, *Lane v. Vitek Real Estate Industries Group*, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010) (citing *Benham*, 2009 WL 2880232, at *3; *Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F. Supp. 2d 1039, 1042-43 (N.D. Cal. 2009)). Accordingly, Plaintiff's first and third causes of action cannot be maintained on this basis.

Plaintiff's next allegation that Defendants violated Cal. Civ. Code § 1632 by serving documents in English also cannot serve as the basis for her first and third causes of action. Section 1632 requires any person engaged in a trade or business who negotiates primarily in Spanish, Chinese, Tagalog, Vietnamese, or Korean, to deliver a translation of the contract to the other party in the language in which the contract was negotiated. Cal. Civ. Code § 1632(b). There are no allegations in Plaintiff's Complaint that Defendants negotiated primarily in Spanish, Chinese, Tagalog, Vietnamese, or Korean. To the contrary, the Complaint alleges that Defendants served documents in English. Accordingly, Cal. Civ. Code § 1632 does not apply to this case.[2]

---

[2] Plaintiff's claim that Defendants violated Civil Code § 1632 also fails on the additional ground that it is barred by the statute of limitations, as well as because Plaintiff failed to tender the loan proceeds as discussed further, *infra,* with respect to Plaintiff's cause of action for quiet title.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#10/13/15

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2819 PSG (VBKx) | Date | August 1, 2011 |
|---|---|---|---|
| Title | Mirian Canales v. Federal Home Loan Mortgage Corp., *et al.* | | |

In addition, the Court finds that Plaintiff fails to state a claim under any of the "numerous" other statutes invoked in her first or third causes of action. Although lumped together in the Complaint, for purposes of clarity, the Court addresses these statutes separately below.

      i.     *Violation of Cal. Civ. Code § 1788.17 (Rosenthal Debt Collection Practices Act)*

Plaintiff appears to assert a claim under the Rosenthal Debt Collection Practices Act, Cal. Civ. Code § 1788.17. *See Compl.* ¶ 16. This claim, however, fails as a matter of law because foreclosing on a property pursuant to a deed of trust is not considered debt collection within the meaning of this statute, *see Izenberg v. ETS Servs., LLC*, 589 F. Supp. 2d 1193, 1198-99 (C.D. Cal. 2008), and Plaintiff does not allege that any Defendants were debt collectors.

      ii.     *Violations of California Civil Code §§ 2923.5(a), 2923.52, and 2924*

Plaintiff's claims under Cal. Civ. Code §§ 2923.5(a), 2923.52, and 2924, *see Compl.* ¶¶ 16, 29, are also not cognizable. Section 2924 sets forth the framework for conducting non-judicial foreclosures. Cal. Civ. Code § 2924. Section 2923.5 provides that before the filing of a notice of default, a "mortgagee, beneficiary or authorized agent" must "contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Cal. Civ. Code § 2923.5.

The statute, however, contains no language indicating legislative intent to create a private right of action. *Id.* As another court in this District noted, "[i]n California, 'courts are not at liberty to impute a particular intention to the Legislature when nothing in the language of the statute implies such an intention.'" *Wiebe v. NDEX West, LLC*, No. SACV 10-325 AG, 2010 WL 2035992, * at 5 (C.D. Cal. May 17, 2010) (internal quotations omitted). The Court therefore finds these statutes do not create a private right of action. *See id.*, 2010 WL 2035992 * at 5; *accord Gaitan v. Mortgage Electronic Registration Systems*, 2009 WL 3244729, at *6-7 (C.D. Cal. Oct. 5, 2009); *Yulaeva v. Greenpoint Mortgage Funding, Inc.*, 2009 WL 2880393, at *11 (E.D. Cal. Sept. 3, 2009). Accordingly, they cannot form the basis of Plaintiff's first or third causes of action.

      iii.     *Violations of U.C.C. §§ 3301-3309 and Cal. Corp. Code §§ 191, 10130*

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#10/13/15

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2819 PSG (VBKx) | Date | August 1, 2011 |
|---|---|---|---|
| Title | Mirian Canales v. Federal Home Loan Mortgage Corp., *et al.* | | |

To the extent Plaintiff's first and third causes of action are predicated on violations of U.C.C. §§ 3301-3309 and Corp. Code §§ 191, 10130, such claims also fail as a matter of law. As another federal district court recognized, "[a]lthough Article 3 of the UCC governs negotiable instruments, it does not apply to non-judicial foreclosure under deeds of trust." *Padayachi v. IndyMac Bank*, No. C 09-5545 JF, 2010 WL 4367221, at *3 (N.D. Cal. Oct. 28, 2010) (citing *Moeller v. Lien*, 25 Cal. App. 4th 822, 834, 30 Cal. Rptr. 2d 777 (1994) ("The comprehensive statutory framework established [by the California Civil Code] to govern nonjudicial foreclosure sales is intended to be exhaustive.")). Thus, the UCC provides no remedy for the harm Plaintiff alleges.

Nor are Plaintiff's claims cognizable under the provisions of the California Corporations Code invoked in her Complaint. Section 191 provides exceptions to the rule governing when a foreign corporation is transacting business within the state. Cal. Corp. Code § 191. Corporations Code § 10130 states that it "is unlawful for any person to engage in the business, act in the capacity of, advertise or assume to act as a real estate broker or a real estate salesman within this state without first obtaining a real estate license from the department." Here, there are no allegations that Defendants acted as a real estate broker or salesman without first obtaining a license. Accordingly, these claims must also be dismissed.

> iv. *Violations of "Cal. Corp. Code" §§ 17200 and 17500*

Plaintiff also asserts violations of Corporations Code §§ 17200 and 17500 as the basis for her first cause of action. *See Compl.* ¶ 16. Because these statutes are manifestly inapposite to the facts of this case,[3] the Court will presume that Plaintiff intended to invoke Cal. Bus. & Prof. Code §§ 17200 and 17500. Nevertheless, Plaintiff cannot maintain a claim under either § 17200 or § 17500 relating to the origination of her loan because the allegations are not pled with the requisite specificity, and because statute of limitations on both causes of action has expired.

Any claim premised on fraud is barred by the three year statute of limitations provided under California Code of Civil Procedure § 338(d), and a claim under § 17200 is barred by the

---

[3] Corporations Code § 17200 pertains to the duties, liabilities and rights of officers, directors and shareholders, and corporate dissolutions. Corporations Code §17500 provides that "[a]ny member of a foreign or domestic limited liability company may bring a class action on behalf of all or a class of members to enforce any claim common to those members [.]"

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#10/13/15

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2819 PSG (VBKx) | Date | August 1, 2011 |
|---|---|---|---|
| Title | Mirian Canales v. Federal Home Loan Mortgage Corp., *et al.* | | |

four year statute of limitations provided by Cal. Bus. & Prof. Code § 17208. *See Solomon v. E-Loan, Inc*., No. 2:10-CV-2565 KJM, 2011 WL 1253840, at *6 (E.D. Cal. Mar. 30, 2011). The loan at issue in this case originated on December 1, 2006, *RJN,* Ex. 1, and Plaintiff did not file this lawsuit until February 18, 2011. *Compl.* Accordingly, because these claims are time barred, Plaintiff cannot maintain a cause of action to vacate the Trustee's Sale based on purported violations of Cal. Bus. & Prof. Code §§ 17200 and 17500.

v.     *Summary*

Thus, based on the foregoing, Plaintiff's first and third causes of action are therefore DISMISSED against Defendants Freddie Mac and MERS. Plaintiff has leave to amend these claims only to the extent she can allege facts suggesting that the statutes of limitations should be equitably tolled on her claims under Cal. Bus. & Prof. Code §§ 17200 and 17500, to the extent she intends to pursue claims under these statutes.[4]

b.     Intentional Breach of Implied Covenant of Good Faith and
       Fair Dealing (Second Cause of Action)

Plaintiff's second cause of action is for breach of the covenant of good faith and fair dealing. The covenant of good faith and fair dealing is implied in every contract as a method to protect the interests of the parties in having the contractual promises and purposes performed. *Love v. Fire Ins. Exchange*, 221 Cal. App. 3d 1136, 1147, 271 Cal. Rptr. 246 (1990). "In general, the covenant imposes a duty upon a party to a contract not to deprive to other party of the benefits of the contract." *Chang v. Wachovia Mortg., FSB,* No. C–11–1951 SC, 2011 WL 2940717, at *6 (N.D. Cal. July 21, 2011) (quoting *Sutherland v. Barclays American/Mort. Corp*., 53 Cal. App. 4th 299, 314, 61 Cal. Rptr. 2d 614 (1997).

Here, Plaintiff alleges that "[t]he terms of the Promissory Note and Deed of Trust imposed upon Defendants a warranty of good faith and fair dealing in this matter[,]" which IndyMac and MERS breached by "withholding necessary information from Plaintiff in violation of the full disclosure statutory mandates of California law as stated hereinabove." *Compl.* ¶¶ 22-

---

[4] To maintain a cause of action to vacate and set aside the Trustee's Sale on this (or any other) basis, Plaintiff will also need to allege that she tendered, or was willing and able to tender, the outstanding debt. *Arnolds Management Corp. v. Eischen*, 158 Cal. App. 3d 575, 581, 205 Cal. Rptr. 15 (1984).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#10/13/15

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2819 PSG (VBKx) | Date | August 1, 2011 |
|---|---|---|---|
| Title | Mirian Canales v. Federal Home Loan Mortgage Corp., *et al.* | | |

24. Such allegations appear to implicate disclosures that IndyMac allegedly failed to make at the time that the loan agreement was executed in 2006. The Complaint, however, fails to provide any factually specific allegations showing that either Freddie Mac or MERS had a relationship with Plaintiff as would give rise to a duty of good faith and fair dealing, let alone that this duty was breached by these Defendants.

This claim, moreover, is barred by the two-year statute of limitations under Cal. Code Civ. Proc. § 339(1), to the extent Plaintiff seeks tort remedies, *id.* at 1144, and barred by the four-year statute of limitations under Cal. Code. Civ. Proc. § 337(1), to the extent Plaintiff seeks contract remedies. Accordingly, because Plaintiff failed to plead this cause of action with the requisite specificity, and failed to allege facts that would justify tolling the statute of limitations, this cause of action is DISMISSED with leave to amend.

c.  Claim for Accounting (Fourth Cause of Action)

Plaintiff's fourth cause of action seeks an Order "for an accounting of all payments, credits, charges and adjustments to loan account and a statement defining and specifying the exact and accurate balance due by Plaintiff to Defendants …." *Compl.* ¶ 33. An accounting cause of action is equitable and may be sought where the accounts are so complicated that an ordinary legal action demanding a fixed sum is impracticable. *Civic Western Corp. v. Zila Industries, Inc*., 66 Cal. App. 3d 1, 14, 135 Cal. Rptr. 915 (1977). "A right to an accounting is derivative; it must be based on other claims." *Janis v. California State Lottery Com*., 68 Cal. App. 4th 824, 833-834, 80 Cal. Rptr. 2d 549 (1998). A suit for an accounting will not lie where it appears from the complaint that none is necessary or that there is an adequate remedy at law. *Civic Western Corp*., 66 Cal. App. 3d at 14. To state a claim for accounting, a plaintiff "need only state facts showing the existence of the relationship which requires an accounting and the statement that some balance is due the plaintiff." *Kanady v. GMAC Mortg., LLC*, No. CV F 10-1742 LJO, 2010 WL 4010289, at *12 (E.D. Cal. Oct. 13, 2010) (internal citations omitted); *see also Kritzer v. Lancaster*, 96 Cal. App. 2d 1, 6, 214 P.2d 407 (1950) (noting that an accounting frequently "presents a fiduciary relation between the parties in the nature of a trust which brings it especially within equitable remedies").

Here, Plaintiff's Complaint lacks allegations of complexity or a fiduciary relationship to support her claim for accounting. "A debt is not a trust and there is not a fiduciary relation between debtor and creditor as such." *Downey v. Humphreys*, 102 Cal. App. 2d 323, 332, 227

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#10/13/15

CIVIL MINUTES - GENERAL

| Case No. | CV 11-2819 PSG (VBKx) | Date | August 1, 2011 |
|---|---|---|---|
| Title | Mirian Canales v. Federal Home Loan Mortgage Corp., *et al.* | | |

Cal. Rptr. 484 (1951); *see also Price v. Wells Fargo Bank*, 213 Cal. App. 3d 465, 476, 261 Cal. Rptr. 735 (1989) ("The same principle should apply with even greater clarity to the relationship between a bank and its loan customers."). Accordingly, because an unsupported assertion that accounting is needed does not suffice to state a claim for accounting, and no fiduciary relationship existed between Plaintiff and Freddie Mac/MERS, the Court DISMISSES Plaintiff's fourth cause of action with prejudice.

            d.      <u>Claim for Fraud (Seventh Cause of Action)</u>

The Court also agrees with Defendants that Plaintiff fails to state a plausible claim for fraud. Plaintiff alleges that "[d]uring the period 10-16-97 through 4-17-08, MERS, IndyMac, Federal and MTC deceptively and illegally executed and recorded a series of assignments of Deed of Trust, Substitution of Trustee, Notice of Trustee's Sale and Trustee's Deed Upon Sale, in violation of mandated statutory California law to "shortcut" and avoid specific requirements pursuant to prosecuting and conducting a legal Trustee's Sale of subject property on 4-7-08." *Compl.* ¶ 49. A fraud claim cannot, however, be maintained on this basis as a matter of law. California Civil Code § 2924(a)(1),(3) expressly provides that the "trustee, mortgagee, or beneficiary or any of their authorized agents" may record a notice of default and notice of sale. Section 2924 states that the "mailing, publication, and delivery of notices as required herein, and the performance of the procedures set forth in this article, shall constitute privileged communications within Section 47." Accordingly, because the recording of assignments is protected under the litigation privilege, to the extent Plaintiff's seventh cause of action rests on this basis it is DISMISSED with prejudice. *See Pettitt v. Levy*, 28 Cal. App. 3d 484, 488-89 (1972) ("The litigation privilege is absolute and even protects communications that are false and "made with actual malice or with the intent to do harm.").

To the extent Plaintiff's fraud claim is based on other alleged misrepresentations alluded to in the pleadings, *see, e.g., Compl.* ¶¶ 40, 41, the Complaint is also deficient. To succeed on a common law fraud claim under California law, a plaintiff must establish: (1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) damages. *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 990 (2004). Additionally, under Rule 9(b), a claim for fraud must be stated with particularity. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud."). The Ninth Circuit has explained that the reference to "circumstances constituting fraud" requires, at a *minimum*, that the complaint allege

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#10/13/15

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2819 PSG (VBKx) | Date | August 1, 2011 |
|---|---|---|---|
| Title | Mirian Canales v. Federal Home Loan Mortgage Corp., *et al.* | | |

evidentiary facts, such as the time, place, persons, and statements, and explanations as to why the statements were misleading. *See In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547 n.7 (9th Cir. 1994); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

Plaintiff's allegations fail to meet the heightened standard of Rule 9(b) with respect to several of these elements. It fails, for example, to identify any specific misrepresentations, as well as where and when the alleged misrepresentations were made and who made them. Moreover, the Complaint's fraud claims are time barred given expiration of the three-year limitations period, Cal. Code Civ. Proc. § 338(d), and Plaintiff fails to plead facts sufficient to invoke equitable tolling. Accordingly, Plaintiff's seventh cause of action is DISMISSED with leave to amend.

      e. <u>Claims for Aiding and Abetting and Conspiracy (Fifth and Sixth Causes of Action)</u>

Plaintiff asserts a claim for "aiding and abetting," alleging that Defendants "intentionally aided and abetted said Defendants fraudulent tactics [sic] and practices by having actual knowledge of said Defendants [sic] MERS fraudulent activities as alleged hereinabove." *Compl.* ¶ 39. Similarly, her sixth cause of action for conspiracy is premised on allegations that an unidentified Defendant "acting in concert with Defendants MTC planned, schemed, designed and illegally conspired to 'steal' Plaintiff's property ("subject property") by, without statutorily mandated notice, conduct (sic) a Trustee's Sale on April 7, 2008." *Id.* ¶ 44. Neither claim, however, is cognizable.

Under California law, "[l]iability may . . . be imposed on one who aids and abets the commission of an intentional tort if the person (a) knows the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other to so act or (b) gives substantial assistance to the other in accomplishing a tortious result and the person's own conduct, separately considered, constitutes a breach of duty to the third person." *Richard B. LeVine, Inc. v. Higashi*, 131 Cal. App. 4th 566, 574, 32 Cal. Rptr. 3d 244 (2005). Relatedly, California's "well-worn principle applicable to the civil conspiracy theory" provides that "there is *no separate tort* of civil conspiracy, and there is *no civil action* for conspiracy to commit a recognized tort unless the *wrongful act* itself is committed and damage results therefrom." *Id.* (internal citations omitted).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#10/13/15

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2819 PSG (VBKx) | Date | August 1, 2011 |
|---|---|---|---|
| Title | Mirian Canales v. Federal Home Loan Mortgage Corp., *et al.* | | |

Under either theory, Defendants' liability depends on the actual commission of a tort. Here, as previously discussed, Plaintiff fails to adequately allege any underlying tort. Accordingly, Plaintiff's claims for aiding and abetting and civil conspiracy are DISMISSED with leave to amend.

        f.        <u>Quiet Title Claim (Ninth Cause of Action)</u>

Plaintiff's ninth cause of action seeks to quiet title in her favor. *Compl.* ¶¶ 59, 60. This claim, too, is deficient. As Defendants point out in moving to dismiss, Plaintiff failed to tender the full amount owed on the loan. *Mot.* 18:24-19:24. California law is "settled that an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security." *Arnolds Management Corp. v. Eischen*, 158 Cal. App. 3d 575, 581, 205 Cal. Rptr. 15 (1984).

Accordingly, because the Complaint fails to allege that Plaintiff has tendered, or has offered to tender, the debt secured by the Property, she is unable to state a claim for quiet title. *See Dooms v. Federal Home Loan Mortg. Corp.*, No. CV F 11–0352 LJO, 2011 WL 1232989, at *18 (E.D. Cal. Mar. 31, 2011) ("an action to set aside a foreclosure sale, unaccompanied by an offer to redeem, does not state a cause of action which a court of equity recognizes"); *Kelley v. Mortgage Electronic Registration*, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009) ("Plaintiffs have not alleged…that they have satisfied their obligation under the Deed of Trust. As such they have not stated claim to quiet title."). Therefore, Plaintiff's ninth cause of action is DISMISSED with leave to amend.

        g.        <u>Declaratory Relief and Injunctive Relief Claims (Eighth and Tenth Causes of Action)</u>

The remaining "causes of action" asserted by Plaintiff are also not cognizable. First, as a technical matter, the Court notes that injunctive relief and declaratory relief are prayers for relief, not causes of action. *See McDowell v. Watson*, 59 Cal. App. 4th 1155, 1159 (1997) ("Injunctive relief is a remedy and not, in itself, a cause of action.") (quoting *Shell Oil Co. v. Richter*, 52 Cal. App. 2d 164, 168, 125 P.2d 930 (1942)); *see also Jenkins v. MCI Telcoms. Corp.*, 973 F. Supp. 1133, 1139 (C.D. Cal. 1997) (causes of action for declaratory and injunctive relief "are not claims for relief, they are the relief. Therefore, they need not be addressed by this Court"). More to the point, though, because these requests are predicated on insufficiently-pled

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#10/13/15

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2819 PSG (VBKx) | Date | August 1, 2011 |
|---|---|---|---|
| Title | Mirian Canales v. Federal Home Loan Mortgage Corp., *et al.* | | |

claims, they cannot survive Defendants' motion to dismiss. Accordingly, the Court DISMISSES Plaintiff's eighth and tenth causes of action with leave to amend.

IV. Conclusion

In sum, the Court: DENIES Plaintiff's motion to remand; GRANTS Defendant Trustee Corps' motion to dismiss with prejudice; and GRANTS Defendants Freddie Mac and MERS' motion to dismiss the Complaint. Plaintiff has leave to amend her claims against Freddie Mac and MERS in accordance with this Order. Specifically, Plaintiff may amend: (1) her first cause of action to set aside a trustee's sale and her third cause of action to the extent such claims are based on violations of Cal. Bus. & Prof. Code §§ 17200 and 17500; (2) her second cause of action for breach of the implied covenant of good faith and fair dealing; (3) her fifth, sixth, and seventh causes of actions for aiding and abetting, conspiracy, and fraud; (4) her ninth cause of action for quiet title; and (5) her requests for declaratory and injunctive relief.

Plaintiff is hereby instructed to file an amended pleading in accordance with this Order by **August 31, 2011.** Failure to do so will result in dismissal of the claims with prejudice.

**IT IS SO ORDERED.**